## DETROIT INTERNATIONAL BRIDGE CO. *v.* CORPORATION TAX APPEAL BOARD OF MICHIGAN.

No. 51. Argued November 11, 1932.—Decided December 5, 1932.

*Mr. Victor W. Klein,* with whom *Messrs. Alfred A. Cook* and *Thomas G. Long* were on the brief, for appellant.

*Mrs. Alice E. Alexander,* with whom *Mr. Paul W. Voorhies,* Attorney General of Michigan, was on the brief, for appellee.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Appellant is a Michigan corporation engaged in operating the international bridge spanning the river between Detroit and Sandwich, Ontario. Acting under Act No. 85 of 1921, as amended by Act No. 175 of 1929, the secretary of state calculated, and appellee confirmed his determinations, that appellant was liable for a license fee tax of $3,000 for 1929 and $2,935.95 for 1930. Appellant obtained a review in the state supreme court and there maintained, as it still insists, that by its articles of association its powers are limited to constructing, owning, maintaining and operating the bridge for the use of traffic and to taking tolls therefor, that in 1930 it was engaged exclusively in foreign commerce and that the statute, construed to impose a fee for the privilege of doing that business, violates the commerce clause. The bridge was under construction during a part of 1929, and no question is here presented as to the fee for that year. The court overruled appellant's contention and, except as to an item not now material, entered judgment affirming the determination of the fees. 257 Mich. 52; 240 N. W. 68.

The sole question is whether as construed the state law violates the commerce clause.

The statute, § 4, declares that every corporation, excepting certain companies that need not be named, organized under the laws of the State "shall . . . for the privilege of exercising its franchise and of transacting its

business within this state, pay to the secretary of state an annual fee of two and one-half mills upon each dollar of its paid-up capital and surplus, but such privilege fee shall in no case be less than ten dollars nor more than fifty thousand dollars. It is the intent of this section to impose the tax herein provided for upon every corporation, foreign or domestic, having the privileges of exercising corporate franchises within this state, irrespective of whether any such corporation chooses to actually exercise such privilege during any taxable period."

In *In re Detroit Properties Corp.*, (1931) 254 Mich. 523; 236 N. W. 850, the state supreme court held (p. 525): "The privilege fee is an excise tax, not upon the right to be a corporation, but upon the activities of the corporation in the exercise of its corporate franchise, or, as it is sometimes expressed, upon the franchise 'to do,' not upon the franchise 'to be.' . . . Actual transaction of business by a domestic corporation is not a condition of the tax. It is imposed on the right to transact." And this court follows that construction. *Michigan* v. *Michigan Trust Co.*, 286 U. S. 334, 342.

Appellee insists that to own and operate the bridge and take tolls for its use does not involve intercourse between Michigan and Ontario and that therefore appellant is not engaged in foreign commerce and further maintains that appellant has power to engage in business other than the operation of the bridge. We do not consider whether appellant is engaged in foreign commerce for we are of opinion that it has failed to establish that it has no power to carry on any business that is not within the protection of the commerce clause. *Aetna Insurance Co.* v. *Hyde*, 275 U. S. 440, 448.

Appellant has the burden to establish the facts on which it asserts the invalidity of the statute. *Weaver* v. *Palmer Bros. Co.*, 270 U. S. 402, 410. The record contains only

a part of the third article of its articles of association: "The purpose or purposes of this corporation are as follows: To construct, own and/or operate a highway bridge across the Detroit River from Detroit, Michigan, to Sandwich, Province of Ontario, Canada, and the approaches thereto; To maintain and operate such bridge and the approaches thereto for the use of vehicular and pedestrian traffic, and to charge and collect tolls for such use."

Appellant asserts that its powers are solely limited to these purposes. But appellee in its brief brings forward the entire article, containing in its final paragraph a specification of power that is not limited, incident or appurtenant to the authority to construct, maintain and operate the bridge: "This corporation may maintain offices or agencies, conduct its business or any part thereof, purchase, lease or otherwise acquire, hold, mortgage, convey and assign real or personal property, and do all or any of the acts herein set forth, outside of the State of Michigan as well as within said State." It is clear that in addition to general power to own and operate the bridge and to do all that is related to that enterprise, appellant is by the last quoted provision empowered, as contended by appellee, to carry on the business of buying and selling real and personal property within the State of Michigan and elsewhere.

Indeed, appellant did not at first claim that its powers and activities are limited to foreign commerce. On the contrary it sent to the secretary of state with its annual report of 1929 the prescribed minimum fee of $10 and with that of 1930 the sum of $145.92. It did not then construe the Act as not applicable to any business within the scope of its authorization under its articles and the laws of the State, but merely that it was not liable for as much as the state taxing authorities laid against it.

*Judgment affirmed.*