GAINES, SILVEY & NICHOLS, INC., PROSECUTOR, v. STATE
BOARD OF TAX APPEALS, DEFENDANT.

Submitted October 11, 1938—Decided April 14, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the prosecutor, *Joseph C. Paul.*

For the defendant, *David T. Wilentz,* attorney-general (*John Solan,* of counsel).

BROGAN, CHIEF JUSTICE. The prosecutor is a foreign corporation and by the writ challenges a judgment of the State Board of Tax Appeals affirming a minimum assessment of franchise tax under our statute. *Pamph. L.* 1937, *ch.* 25.

This is an act imposing franchise taxes upon foreign corporations for the privilege of exercising their franchises in this state or doing business or maintaining offices in this state. *R. S.* 54:32A-8. The business purposes for which prosecutor was organized are: (a) "To act as brokers, agents and adjustors in the business of any kind or class of insurance in any or all of its branches * * *."

It appears that the prosecutor applied for and obtained from the Commissioner of Banking and Insurance of this state a broker's license for the year 1937. *R. S.* 17:22-2. It did not obtain a license to do business in this state under the General Corporation act (*R. S.* 14:15-3), nor is that fact material since the statute previously mentioned (*R. S.* 17:22-2), makes an exception in the case of an insurance broker. In its application for the said brokerage license it represented that as a foreign corporation it did not have a certificate of authority from the Secretary of State to transact business in New Jersey and that the sole business sought to be transacted in this state was that of broker in the negotiation of contracts of insurance or reinsurance for others.

In addition to the foregoing facts, which were stipulated, certain testimony was taken from which it appears that the brokers obtained orders for insurance from New Jersey residents; and that these persons were solicited either in this state or in New York, if such persons had their business or were employed in the State of New York. It further appeared that all applications for insurance, whether obtained in this state or elsewhere, were nonetheless written into contracts in the State of New York and that in no instance was the insurance contract as such executed in New Jersey.

The narrow question before us therefore is whether the prosecutor was subject to a tax under the General Tax act of this state. The pertinent section of the act (54:32A-8) reads as follows: "A tax is hereby imposed upon every foreign corporation organized for pecuniary profit * * * for the privilege of exercising its franchise in this state or for the privilege of doing business * * * in this state." The terms "doing business" and "exercising franchise" are defined by the statute. "Doing business" * * * means the general

prosecution of the ordinary business of a corporation commercially, financially or otherwise, within the scope of its corporate capacity and powers." *R. S.* 54:32A-2. "Exercising franchise" * * * means "having or possessing the right or privilege of doing business." *R. S.* 54:32A-3.

That the prosecutor, through its corporate members or employes, acted in the capacity of broker is manifest. The argument against the validity of the assessment in question is in the words of the prosecutor's brief, that it acted as broker, merely soliciting business in New Jersey, and that a contract of insurance was never consummated here but in New York, citing *D. & H. Canal* v. *Mahlenbrock,* 63 *N. J. L.* 281; *Dickerson Corp.* v. *Levine,* 98 *Id.* 313. The legal principle of these cases is not applicable. These cases hold that it is not "doing business" in this state where a contract is solicited here but concluded elsewhere, *i. e.,* by acceptance in a foreign domicile. The situation in this case, in our opinion, is quite different. It is clear that a New York corporation, soliciting orders in this state, which orders were subject to approval in a foreign state, that such a contract executed in that foreign state, would not be "doing business" here. But that is not this case. The prosecutor is not in the insurance business. It is a broker only and, regardless of where the contract of insurance between customer and insurer was concluded, it does not affect its status as one doing business in New Jersey. It was not in the business of selling insurance in the strict sense because it did not have insurance to sell. It provided or offered a service to a customer, nothing more. It solicited applications for insurance and that activity was within the scope and authority of the broker's license issued to it and its officers and employes which licensed each of them "as a broker to negotiate, place or effect insurance or reinsurance * * *."

It is further argued that the judgment in question is invalid because the taxing statute, *supra,* is violative of article 1, section 8 of the Federal Constitution forbidding state regulation or control of interstate commerce. This idea is predicated on an assumption of law and fact which is, in our judgment, erroneous and requires no extended discussion. The

Federal Constitution provides that the Congress shall have power "to regulate commerce with foreign nations and among the several states." The Federal Supreme Court, in a host of cases, has held that it is beyond the power of a state therefore to levy a tax on interstate commerce, but in this case the prosecutor obtained a franchise or privilege to do a local business in this state and under the proofs it did such local business. The tax is levied for the privilege of doing business, which is a grant of authority by the state, and whether prosecutor did an interstate business or not is immaterial since it had the power to do a local business and, in this instance, did such local business. Cf. *Detroit International Bridge Co. v. Tax Appeal Board of Michigan*, 287 *U. S.* 295. In that case the statute (Michigan) is quite like our own in principle. The prosecutor was powerless to act as broker or exercise its franchise in any way in this state unless permission or broker's license was given it, and its right to do business and to exercise such franchise is the thing that, by the statute, is taxable. It is a privilege requiring governmental consent and control and for the granting thereof the state can exact by taxation a contribution to the cost of government.

Finally, granting for the sake of argument that prosecutor does an interstate business, if it has the *power* to carry on any business, not within the "commerce clause," which it has, then it is, as here, subject to taxation by this state.

The judgment of the State Board of Tax Appeals will be affirmed, and the writ dismissed with costs.