THE IRISHMAN'S LOT, INC., v. SECRETARY OF STATE.

1. STATUTES—CONSTITUTIONAL LAW—BURDEN OF PROOF.
   One asserting the unconstitutionality of a statute has the burden of proving such contention.

2. SAME—CONSTITUTIONAL LAW—CLASSIFICATION—POPULATION.
   Legislation containing a classification based on amount of population of counties may be sustained as being general and not special, where it applies to all counties which in the future attain the designated population and there is a reasonable relationship between the restriction and the population (Const 1908, art 5, § 30).

3. SAME—CONSTITUTIONAL LAW—PRESUMPTIONS.
   The existence of any state of facts that will sustain a classification contained in a statute, which can reasonably be conceived will be presumed when such classification is assailed; the party who assails it having the burden of showing by a resort to common knowledge or other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary.

4. AUTOMOBILES—SUNDAY—CLASSIFICATION—POPULATION.
   Statute prohibiting the dealing in automobiles on Sunday in counties having a population of 130,000 or over and pro-

REFERENCES FOR POINTS IN HEADNOTES
[1] 11 Am Jur, Constitutional Law § 132.
[2, 4] 12 Am Jur, Constitutional Law § 489.
[3] 12 Am Jur, Constitutional Law § 521.
[5] 50 Am Jur, Sundays and Holidays § 9.
[6] 14 Am Jur, Costs § 91.

viding for extension of its application as to other counties as they acquire such population *held*, constitutional as a general act, where it appears that it applied to the counties where most of the sales are made and competition is the keenest and most needful of regulation (Const 1908, art 5, § 30; PA 1953, No 66).

5. SUNDAY—POLICE POWER—PUBLIC HEALTH.

The exercise of police power by prohibition of secular pursuits on Sunday is justified as a sanitary measure as experience has demonstrated that one day's rest is requisite for the health of most individuals whether or not they have the power to observe a day of rest of their own volition.

6. COSTS—CONSTRUCTION OF STATUTES.

No costs are allowed in suit to test the constitutionality of statute prohibiting the dealing in automobiles on Sunday in certain counties, the construction of a statute being involved (PA 1953, No 66).

Appeal from Macomb; Noe (Alton H.), J. Submitted January 14, 1954. (Docket No. 56, Calendar No. 46,045.) Decided February 18, 1954.

Bill by The Irishman's Lot, Inc., a corporation, against Owen J. Cleary, Secretary of State of Michigan, and various other law enforcement officers, praying that Sunday closing law be declared unconstitutional. Bill dismissed. Plaintiff appeals. Affirmed.

*Francis W. McCauley* (*Wayne A. Anderson,* of counsel), for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara* and *Gregory H. Frederick,* Assistant Attorney General, for defendants.

*Amicus Curiae:*

*Colombo, Colombo & Colombo, Anthony A. Vermeulen,* and *Frederick Colombo,* for Detroit Auto Dealers' Association.

SHARPE, J. This is a suit to test the constitutionality of PA 1953, No 66 (CL 1948, §§ 435.251–435.254 [Stat Ann 1953 Cum Supp §§ 9.2701–9.2704]). The act provides:

"Sec. 1. It shall be unlawful for any person, firm or corporation to engage in the business of buying, selling, trading or exchanging new, used or second-hand motor vehicles or offering to buy, sell, trade or exchange, or participate in the negotiation thereof, or attempt to buy, sell, trade or exchange any motor vehicle or interest therein, or of any written instrument pertaining thereto, on the first day of the week, commonly called Sunday. * * *

"Sec. 4. This act shall not apply to counties having a population under 130,000 inhabitants according to latest or each succeeding Federal decennial census.

"This act is ordered to take immediate effect."

Plaintiff charges that the above act violates the provisions of article 5, § 30, of the Michigan Constitution (1908), which provides:

"The legislature shall pass no local or special act in any case where a general act can be made applicable, and whether a general act can be made applicable shall be a judicial question. No local or special act, excepting acts repealing local or special acts in effect January 1, 1909 and receiving a 2/3 vote of the legislature shall take effect until approved by a majority of the electors voting thereon in the district to be affected."

The facts have been stipulated and in substance are as follows:

"1. Eight counties are presently within the population designation of the bill, 4 more being between 115,000 and 130,000 population.

"2. The 8 counties included under the bill make 70% to 75% of the type of sale prohibited by the statute.

"3. The 8 counties have 41% of the dealers in the State, 63% of the State's population. Cars sold in these counties in 1951 was 73%, in 1952, 72.9%, and for the first 4 months of 1953, 74.4% of automobiles sold in the State of Michigan. The addition of the 4 counties over 115,000 but less than 130,000 shows that the 12 counties have consistently accounted for nearly 80% of all sales in the State of Michigan."

Plaintiff also urges that inasmuch as the act does not include a provision for a popular referendum in the affected counties, it cannot be sustained as special or local legislation, and that where the exercise of police power is based upon population classification, there must be a reasonable relation to the classification and the purpose of the statute. Plaintiff relies on *Attorney General, ex rel. Dingeman,* v. *Lacy,* 180 Mich 329, and *Mulloy* v. *Wayne County Board of Supervisors,* 246 Mich 632. In the *Lacy Case, supra,* the act in question created the office of judge of the court of domestic relations. In holding the act unconstitutional, we said (pp 341, 342):

"The act is clearly unconstitutional, because it in terms (section 10) deprives the probate court of jurisdiction in certain cases of juvenile delinquents and dependents, which jurisdiction is expressly conferred upon the probate courts by section 13, art 7, of the Constitution.

"The act (section 4) is plainly in conflict with the last-named section, in that it deprives the circuit court of the county of Wayne, or at least the other judges thereof, of appellate jurisdiction in certain enumerated cases. This the legislature may not do. *People, ex rel. Allen,* v. *Kent Circuit Judge,* 37 Mich 474; *People, ex rel. Heath,* v. *Kent Circuit Judge,* 37 Mich 372. Circuit courts are constitutional courts, and the jurisdiction conferred by the Constitution cannot be diminished by legislative enactment.

*Nichols* v. *Judge of Superior Court,* 130 Mich 187,
* * * and cases cited.

"The court of domestic relations is created by legislative enactment. A judge of that court cannot lawfully be clothed with a jurisdiction conferred by the Constitution upon a constitutional officer. *State* v. *Hastings,* 10 Wis 525; *Ex parte Corliss;* 16 ND 470 (114 NW 962). See, also, *People, ex rel. Allen,* v. *Kent Circuit Judge, supra; Allor* v. *Wayne County Auditors,* 43 Mich 76."

We also said, "A consideration of all the cases cited, as well as many others, convinces us that a classification by population can never be sustained where it is, as in the case at bar, a manifest subterfuge." In the *Mulloy Case, supra,* an action was instituted to enjoin the board of supervisors of Wayne county from instituting civil service among certain employees under the provisions of PA 1927, No 390.* The act in question pertained to counties having a population of 300,000. The act did not make any provisions for counties that may later have a population of 300,000. At the time the act became a law, only Wayne county had the required population. We there said (pp 637, 638):

"It evidently was framed for no other county than the one then containing a population in excess of 300,000, and was not intended to become operative in other counties as they reached the required population, otherwise some method and some time would have been specified by which the act could be put in force in these other counties. * * *

" 'The classification must be based upon substantial and real differences in the classes, which are germane to the purpose of the law and reasonably suggest the propriety of substantially different legislation, the legislation must apply to each member of the class, and the classification must not be based

---

* CL 1929, §§ 1446–1464 (Stat Ann §§ 5.1171–5.1189), repealed by PA 1944 (1st Ex Sess), No 29.—Reporter.

on existing circumstances only, but must be so framed as to include in the class additional members as fast as they acquire the characteristics of the class.' *Bingham* v. *Board of Supervisors,* 127 Wis 344 (106 NW 1071).

" 'The classification should be prospective, calculated to embrace any change in population or circumstances, and should be complete, covering all kinds of subjects dealt with.' 36 Cyc, p 1006."

It is fundamental that one asserting the unconstitutionality of a statute has the burden of proving such contention, see *Detroit International Bridge Company* v. *Corporation Tax Appeal Board,* 287 US 295 (53 S Ct 137, 77 L ed 314). We have sustained legislation as being general and not special where it would apply to all counties which in the future would attain the designated population, see *People* v. *Brazee,* 183 Mich 259 (LRA 1916E, 1146), and *Hayes* v. *Auditor General,* 184 Mich 39. In *Sullivan* v. *Graham,* 336 Mich 65, we had occasion to construe PA 1939, No 311, as amended by PA 1945, No 315 (CL 1948, §§ 338.703, 338.704, 338.720 [Stat Ann 1949 Cum Supp . §§ 18.85(3), 18.85(4) and 18.85 (20)]). This act in part provided that residential contractors or builders in counties having a population of more than 250,000, or those counties that may later attain a population of 250,000, must have a license to engage in such work. In holding this part of the act constitutional, we said (pp 68, 69) :

"Moreover, we have to a material degree departed from the reasoning in the *Mulloy Case* and the *Attorney General, ex rel. Dingeman,* v. *Lacy Case,* in respect to restrictions in statutes of applicability to counties of a designated total of population. We are more inclined to uphold the act where there is a reasonable relationship between the restriction and the population. See *Hayes* v. *Auditor General,* 184 Mich 39; *Kates* v. *Reading,* 254 Mich 158; *Chamski*

v. *Wayne County Board of Auditors,* 288 Mich 238; and *Tribbett* v. *Village of Marcellus,* 294 Mich 607. "We find the act in question in this case to be not a local or special act. In view of the provisions of section 20 of the act, above quoted, we consider that the act in question does not contravene article 5, § 30 of our State Constitution."

In *Fitzpatrick* v. *Liquor Control Commission,* 316 Mich 83, 94 (172 ALR 608), we quoted with approval from *Borden's Farm Products Company, Inc.,* v. *Baldwin,* 293 US 194, 209 (55 S Ct 187, 79 L ed 281):

" 'When the classification made by the legislature is called in question, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of the existence of that state of facts, and one who assails the classification must carry the burden of showing by a resort to common knowledge or other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary. *Lindsley* v. *Natural Carbonic Gas Co.,* 220 US 61 (31 S Ct 337, 55 L ed 369, Ann Cas 1912C, 160); *Ohio, ex rel. Clarke,* v. *Deckebach,* 274 US 392, 397 (47 S Ct 630, 71 L ed 1115); *Lawrence* v. *State Tax Commission of Mississippi,* 286 US 276, 283 (52 S Ct 556, 76 L ed 1102, 87 ALR 374).' "

In the case at bar the classification presently applies to the 8 counties where 41% of the dealers are located, most of the sales are made and competition keenest, and in the wisdom of the legislature needed regulation; moreover, statutes prohibiting the pursuit of occupations on Sunday, except those of necessity, have been held constitutional. In *People* v. *Bellet,* 99 Mich 151 (22 LRA 696, 41 Am St Rep 589), we said (p 155):

"The better reason for maintaining the police power to prohibit citizens from engaging in secular pursuits on Sunday is the necessity of such regulation as a sanitary measure. As to those employments

which are noiseless, and harmless in themselves, and conducted in a manner not calculated to offend those who, from religious scruples, observe Sunday as the Lord's day, this necessity appears to be the only valid source of legislative power; and this is based upon the fact that experience has demonstrated that one day's rest is requisite for the health of most individuals, and not all individuals possess the power to observe a day of rest of their own volition."

In our opinion the statute in question is within the police power of the State and not in conflict with any express provision of the Constitution. The decree dismissing plaintiff's bill of complaint is affirmed, but without costs as the construction of a statute is involved.

Butzel, C. J., and Carr, Bushnell, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.