179 So.2d 154

Phillip J. HAMM, Commissioner of Revenue

v.

W. D. HARRIGAN et al.

Phillip J. HAMM, Commissioner of Revenue

v.

Virginia H. O'MELIA et al.

Nos. 3 Div. 100, 100–A.

Supreme Court of Alabama.

Sept. 9, 1965.

COLEMAN, Justice.

On September 9, 1965, during a special term, the court rendered decision on these appeals. The special term ended Friday, October 1, 1965. The regular term began on the first Monday of October, which was October 4, 1965. § 20, Title 13, Code 1940. On October 13, 1965, appellees filed a petition asking that we place these causes on the rehearing docket.

Appellees did not make application for rehearing within fifteen days as provided by Supreme Court Rule 34. 261 Ala. XXXII; Appendix, Title 7, 1958 Recompilation of Code 1940.

The request or motion appellees undertake "to make comes too late, at a time when this court has lost its power to alter its decree. Motion of appellant is stricken." Morrison v. Formby, 191 Ala. 104, 109, 67 So. 668, 670.

See Martin v. State, 22 Ala.App. 191, 113 So. 452, where the court observed, with respect to a judgment rendered at a prior term:

"  .  .  .  .  we are driven to the conclusion that this court has lost control of this judgment; otherwise every judgment in every case rendered at the October term, 1926–27, of this court, would still be in the breast of the court and subject to change—a condition not to be contemplated." (22 Ala.App. at page 193, 113 So. at page 453)

See also Donnell v. Hamilton, 77 Ala. 610, 612, where the court said:

"This presents the question, whether this court can set aside its own judgment and decree, after adjournment of the term at which it was rendered. We think it can not do so, unless the judgment or decree which is sought to be set aside is void on its face.  .  .  ."

If this court has jurisdiction to change a decision made in the last term, which has expired, why would the court not have jurisdiction to change a decision made at the term next before the last, or at some still earlier term?

■ If the court had such power, there could be no end to litigation and the public good demands that there be such an end.

Opinion extended.

Petition stricken.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.