775 So.2d 121 (2000)
Randall L. CARRELL and Kellie B. Carrell
v.
MASONITE CORPORATION and International Paper Company.
1981292.
Supreme Court of Alabama.
March 10, 2000.
Rehearing Application Overruled May 12, 2000.
*122 James G. Curenton, Jr., Fairhope, for appellants.
C.C. Torbert, Jr., of Maynard, Cooper & Gale, P.C., Montgomery; and Sandy G. Robinson of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Mobile, for appellees.
HOUSTON, Justice.
The plaintiffs, Randall Carrell and Kellie Carrell, appeal from a summary judgment entered by the Baldwin County Circuit Court in favor of the defendants Masonite Corporation and International Paper Company (together hereinafter referred to as "Masonite"). We affirm in part, reverse in part, and remand.
The Carrells chose to opt out of a class action filed in 1994, Naef v. Masonite Corp., CV-94-4033, Baldwin Cir. Ct., and to pursue their claim individually. After the Carrells opted out, the jury in Naef returned findings of fact in favor of the class members against Masonite on four interrogatories. Masonite then settled the class action.
The Carrells filed this action in Baldwin County. On August 10, 1998, Masonite moved for a summary judgment. The motion was set for oral argument on five subsequent occasions, but, from the record and the briefs, it appears that all but one of these continuances were granted because of a pending mediation order by the trial court. On February 19, 1999, after the completion of mediation, the Carrells filed a motion for a continuance of the summary-judgment hearing, asking that they be allowed to finish their discovery. This motion was supported by an affidavit, as required by Ala. R. Civ. P. 56(f), setting out the reasons for needing more time. The trial court denied the Rule 56(f) motion, heard oral arguments, and then granted Masonite's motion for summary judgment.
The threshold issue that must be considered on appeal is whether the trial court erred by denying the Carrells' motion for a continuance pursuant to Rule 56(f). The record indicates that discovery was delayed during mediation and that discovery was delayed while the Carrells' attorney recovered from an automobile accident. The Carrells' attorney asked for more time to depose corporate officers of Masonite. Based on the record and the briefs, we can conclude only that the trial court abused *123 its discretion as to two causes of action in the Carrells' complaint by not allowing the Carrells to complete their discovery before entering the summary judgment. See, e.g., Parr v. Goodyear Tire & Rubber Co., 641 So.2d 769 (Ala.1994). However, there are some causes of action as to which the trial court's judgment must be affirmed, because the corporate officers of Masonite and the witnesses listed in the Rule 56(f) motion cannot supply substantial evidence of missing elements in these causes of action. We must affirm the trial court's judgment if we find any reason to do so while adhering to our standards of review. Portions of the Carrells' depositions were submitted in support of, and in opposition to, the summary-judgment motion.
The record and the exhibits, viewed in the light most favorable to the Carrells, See, Carroll v. Hammett, 744 So.2d 906 (Ala.1999), indicate the following facts. In 1993, Randall and Kellie Carrell purchased from Jerry Lowe and Donna Lowe, defendants not involved in this appeal, a house that had been built in 1987. The house was sided with "Laurel Colorlok," a siding product manufactured by Masonite. Before the Carrells purchased the house, Mr. Carrell was somewhat familiar with Laurel Colorlok because he had worked in the construction industry and had seen Masonite's advertising. In 1995, the Carrells discovered that their Laurel Colorlok siding had been rotting and that it had to be replaced. The Carrells contacted Masonite, which, under an express warranty, offered to pay $2,967.84 to replace the siding. The Carrells, however, refused this offer and contended that the cost to replace the damaged siding and thus to fulfill the warranty was $10,405.
The Carrells allege that, once discovery is completed, the record will indicate that Masonite had known for decades that certain Masonite products, including Laurel Colorlok, were defective; that Masonite had carried out a plan of deception designed to maximize revenues and to minimize losses associated with its defective products; and that Masonite had created a scheme that shifted as much blame as possible away from its defective products. However, the testimony of the Carrells negates the existence of at least one element of each of 13 of their causes of action; thus, the summary judgment must be affirmed as to the 13 counts in which those causes of action were stated.

Counts 1, 3, and 4
The Carrells' Counts 1, 3, and 4 allege that Masonite made intentional, willful, and reckless fraudulent misrepresentations, both directly and indirectly, through its national advertising campaign and that the Carrells relied upon these representations to their detriment. The only evidence suggesting that the Carrells relied upon Masonite advertising is a single statement in Mr. Carrell's deposition: "I was under the influence that [the Colorlok siding] was the best [Masonite] had." This testimony is not substantial evidence indicating that the Carrells relied on the advertising. Without substantial evidence of reliance, there can be no recovery for fraud. Grant v. Winstead, 476 So.2d 36 (Ala.1985). The trial court properly entered the summary judgment as to Counts 1, 3, and 4.

Count 5
The Carrells' Count 5 alleges that Masonite's siding did not meet their reasonable expectations. However, as a matter of law, this count does not state a cause of action. As we discussed in Dodd v. Nelda Stephenson Chevrolet, Inc., 626 So.2d 1288 (Ala.1993), the reasonable-expectations doctrine assists plaintiffs in proving fraud when the plaintiff purchased a supposedly new product and the product was in fact not new:
"`Absent express representations, implied representations are not uncommon in the sale of new products, and reliance thereon may be shown by the totality of the circumstances and the underlying nature of the transaction itself.' *124 [Mathis v. Jim Skinner Ford, Inc., 361 So.2d 113, 115 (Ala.1978).] `Thus, under Mathis, implied representations may arise out of the mere sale of a new product, and such representations, if false, may support a claim of fraud.'"
626 So.2d at 1291. See, e.g., Boulevard Chrysler-Plymouth, Inc. v. Richardson, 374 So.2d 857 (Ala.1979). The Carrells did not purchase a new product when they purchased their used home. Therefore, as a matter of law, the reasonable-expectations doctrine is not applicable. The trial court properly entered the summary judgment on Count 5.

Counts 6, 7, and 8
The Carrells' Counts 6, 7, and 8 allege that Masonite defrauded them, both intentionally and recklessly, and suppressed material facts, after the Carrells had notified Masonite of the defect in its product. To recover on these claims, the Carrells must prove that they relied upon Masonite's false representations or upon the perceived nonexistence of the facts suppressed, and that they did so to their detriment. Quite the contrary, the record indicates clearly that the Carrells never believed the alleged false representations and that they did not rely on a perceived nonexistence of any suppressed facts. In fact, the Carrells turned down an offer to settle under the terms of the express warranty, they pursued legal action, and they paid to have the siding replaced. The Carrells did not rely upon Masonite's alleged fraud and suppression and, as a matter of law, cannot recover on these three counts. The trial court properly entered the summary judgment on these three counts.

Counts 10 and 11
The Carrells' Counts 10 and 11 allege that Masonite breached an implied warranty of merchantability by placing in the stream of commerce defective siding. Ala. Code 1975, § 7-2-725, provides a four-year limitations period for breach-of-warranty claims. These claims must be filed within four years of the tender of the goods. Stephens v. Creel, 429 So.2d 278 (Ala.1983). Masonite tendered the goods before 1988. This lawsuit was not filed until 1996.
There are two exceptions to the four-year limitations period, but neither exception applies in the Carrells' case. First, § 7-2-725(2) allows a tolling of the period if a warranty explicitly extends it to cover future performance of the goods. This provision would allow the Carrells to file a claim for breach of their express warranty, but it does not cover an implied warranty. Wright v. Cutler-Hammer, Inc., 358 So.2d 444 (Ala.1978). Second, if Masonite had delivered a consumer good that had caused a personal injury, the statutory limitations period would run from the time of the injury. The excerpts from the Carrells' depositions, submitted in opposition to the summary-judgment motion, contain no evidence of physical injury, whether in the form of mental anguish or otherwise. Therefore, the second exception does not apply. The summary judgment was proper as to Counts 10 and 11.

Counts 12, 13, and 14
The Carrells' Counts 12, 13, and 14 allege negligence, wantonness, and liability under the Alabama Extended Manufacturer's Liability Doctrine. Masonite argues that all three of these claims are barred because of the "economic-loss rule." That rule bars a plaintiff from recovering under a tort in which the product caused property damage only to itself.[1]Lloyd Wood Coal Co. v. Clark Equip. Co., 543 So.2d 671 (Ala.1989). Alabama has allowed mental-anguish damages when economic harm has occurred to a person's home. Orkin Exterminating Co. v. Donavan, 519 So.2d 1330 (Ala.1988); Alabama Power Co. v. *125 Harmon, 483 So.2d 386 (Ala.1986); Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297 (Ala.1986). However, the Carrells' depositions do not present substantial evidence indicating that they suffered mental anguish or any other physical injury. Therefore, the summary judgment was proper as to Counts 12, 13, and 14.

Count 15
The Carrells, in Count 15, seek a declaratory judgment. Alabama's Declaratory Judgment Act bars trial courts from issuing advisory opinions. Wallace v. Burleson, 361 So.2d 554 (Ala.1978). The plaintiffs' claims are being decided on the merits. In cases, such as this one, in which a cause of action has already accrued, a court will not enter a declaratory judgment if there is not an anticipated future injury. 1 Walter H. Anderson, Actions for Declaratory Judgments § 235 (2d ed.1951). The Carrells seek relief under their other counts. The summary judgment was proper as to Count 15.

Counts 2 and 9
There are two counts on which the judgment cannot be affirmed, because discovery has not been completed. In the Carrells' Count 2, they allege that Masonite failed in its obligation to inform them of hidden defects in the defective Masonite product. This is an allegation of fraudulent suppression made pursuant to Ala. Code 1975, § 6-5-102. To prove suppression, the Carrells must prove that the defendant suppressed material facts that the defendant was under an obligation to disclose. This obligation to disclose may arise from the specific facts of the case. § 6-5-102. Whether Masonite had a duty to disclose any defects of which it was aware is a question for the trial court. State Farm Fire & Cas. Co. v. Owen, 729 So.2d 834 (Ala.1998). However, discovery must be completed before the trial court can weigh the six factors stated in Owen.
Masonite argues that the Carrells did not rely upon the omission to inform. However, it is axiomatic that a purchaser would not choose to purchase a defective product, or that a homeowner would not allow a defect to worsen. At the least, the Carrells would not have paid full value for a home built with defective siding. Ultimately, a summary judgment in favor of Masonite may be appropriate; however, that cannot be determined until discovery is complete.
The Carrells' Count 9 alleges that Masonite breached its express warranty. Masonite has admitted that it is liable on the express warranty. Masonite offered to pay $2,967.84 under the express warranty. However, the Carrells claim that the amount required to fulfill the terms of the warranty is $10,405. Viewing the evidence in the light most favorable to the Carrells, as the nonmovants, we find a disputed issue of material fact concerning the amount of money that is required to fulfill the obligation of the express warranty. Therefore, the summary judgment was improper as to Count 9.
The Carrells' Count 16 was not against Masonite but against the previous homeowners, the Lowes. The trial court's order reads: "Defendants, Masonite Corporation and International Paper Co., Inc.'s Motion for Summary Judgment is granted as to all counts brought by the Plaintiffs." Count 16 was not included in Masonite's motion for summary judgment. Therefore, the summary judgment did not relate to Count 16. The trial court entered a Rule 54(b), Ala. R. Civ. P., order making the summary judgment final. Unless there has been further action in this case, Count 16 is still pending in the Circuit Court of Baldwin County.
The summary judgment is affirmed insofar as it relates to Counts 1, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, and 15. It is reversed insofar as it relates to Counts 2 and 9; this case is remanded for further discovery on those counts. Count 16 is not before this Court.
*126 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, SEE, BROWN, and ENGLAND, JJ., concur.
JOHNSTONE, J., concurs specially.
HOOPER, C.J., concurs in part, concurs in the result in part, and dissents in part.
JOHNSTONE, Justice (concurring specially).
I concur in the extension of the mere economic loss doctrine to a particular component of a home, like the siding in the case before us, which has failed so as to cause damage only to the component itself; but I would not agree to the extension of the rule to any case where the product is the home itself. I concur with this limitation because the law of warranties, both implied and express, is so much better developed than the tort law for application to such components.
For several reasons, I do not and would not agree to the extension of the rule to any case where the product is the home itself. First, the tort law already developed for damage to homes is too valuable to the citizens of this state to be compromised by an extension of the mere economic loss rule. Second, homes are not ubiquitously covered by express warranties, as components and other products are. Third, the application of implied warranties to homes is not as well defined either by usage or case law as is the application of implied warranties to components.
HOOPER, Chief Justice (concurring in part, concurring in the result in part, and dissenting in part).
I have a concern about some of the reasoning and the unintended consequences of the opinion in this case.
I understand that ordinarily a summary judgment should not be entered until discovery is complete. Tyler v. City of Enterprise, 521 So.2d 951 (Ala.1988). But what if that discovery would be futile, no matter what the discovery would show? The plaintiffs claim that there exists evidence to show that Masonite knew for decades that the siding at issue in this case was defective. Looking at this allegation in the light most favorable to the plaintiffs, and assuming that the discovery showed that Masonite executives knew for a fact that the siding was defective, what would their duty be? Would it be to advertise to every potential customer, even buyers of used siding, like the Carrells, that the siding it sells is defective? Such a proposal is too ludicrous to entertain. If, in fact, the siding was defective, Masonite had a duty either to correct the defect before sale or to stop selling the siding. We recognize causes of action dealing with defective products, e.g., the Alabama Extended Manufacturer's Liability Doctrine. The cause of action that this Court allows today would convert every defective-product action into a fraudulent-suppression action. Does this Court really believe that there is such a paucity of fraud actions in this State that it must allow the creation of even more?
The trial judge apparently recognized the absurdity of requiring Masonite to engage in a national campaign confessing that the product it had sold was defective and granted the motion for summary judgment without allowing the production of the requested discovery. I would affirm the summary judgment as to Count 2.
I agree, however, that the amount required to satisfy the express warranty is in dispute. Therefore, I dissent from the reversal of the summary judgment as to Count 2 and concur in the result of the reversal of the summary judgment as to the Count 9, and I concur in the affirmance as to the other counts against Masonite. I agree that Count 16, stating a claim against the previous homeowners, is not before this Court.

On Application for Rehearing
HOUSTON, Justice.
APPLICATION OVERRULED.
*127 MADDOX, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
HOOPER, C.J., and SEE, J., dissent.
SEE, Justice (dissenting).
I dissent from the order overruling the rehearing application filed by Masonite Corporation and International Paper Company. After further consideration, I believe Chief Justice Hooper's vote on original submission was correct, and, if I were voting today I would join his special writing, in which he concurs in part with the majority opinion, concurs in the result in part, and dissents in part.
NOTES
[1] We do not need to decide whether the Colorlok is a commercial good or a consumer good. See, Wellcraft Marine v. Zarzour, 577 So.2d 414, 418 (Ala.1990).