I respectfully concur in the result. The majority opinion affirms the trial court's denial of the lawyers' motion for a summary judgment; it is through that motion that they assert the affirmative defense of the two-year statute of limitations established by § 6-5-574, Ala. Code 1975.
The lawyers rely upon Ex parte Panell, 756 So.2d 862 (Ala. 1999), wherein a plurality of this Court expressed the view of the three Justices joining the opinion that the statute of limitations begins to run in a legal-malpractice action when the act or omission occurs, not when the client first suffers actual damage. Id. at 868. Six Justices concurred in the result in Ex parte Panell. I concurred in the result but dissented from the rationale, noting in my special writing that the language in § 6-5-574 relied upon by the plurality was the same as the comparable portion of the Alabama Medical Liability Act at §6-5-482(a), Ala. Code 1975. 756 So.2d at 872-73. This Court construed that act in Ramey v. Guyton, 394 So.2d 2, 4 (Ala. 1980), to mean that the accrual date was the date of injury, not the date of an act that produced no concurrent injury. In fact, in Ramey, the alternative of finding the accrual date to be the time of the act alone was described as "patently unreasonable." Id. at 4. Section 6-5-574, the statute of limitations for a legal-malpractice action, was enacted after this Court had interpreted the Medical Liability Act. The appropriate rule of statutory construction holds that language borrowed from an old statute carries with it a presumption that the Legislature intended to adopt not merely the old language, but also the judicial construction of that language. See Hammv. Harrigan, 278 Ala. 372, 178 So.2d 529, rehearing stricken, 278 Ala. 521,179 So.2d 154 (1965), cert. denied, 382 U.S. 981 (1966); Fusco v. PeriniNorth River Assocs., 601 F.2d 659, 664 (2d Cir. 1979), vacated on othergrounds, 444 U.S. 1028 (1980):
 "[W]hen a legislature borrows an already judicially interpreted phrase from an old statute to use it in a new statute, it is presumed that the legislature intends to adopt not merely the old phrase but the judicial construction of that phrase."
See also Burnet v. Harmel, 287 U.S. 103, 108 (1932); Long v. Director,Office of Workers' Comp. Programs, 767 F.2d 1578, 1581 (9th Cir. 1985); *Page 815 Harper v. Southern Coal Coke Co., 73 F.2d 792, 794 (5th Cir. 1934).
The plurality opinion in Ex parte Panell was not favorably received inPannell v. American Home Products Corp., 106 F. Supp.2d 1240, 1242
(N.D.Ala. 2000). In that case, the United States District Court stated:
 "The main opinion [in Ex parte Panell] cannot be considered anything but dictum. It is nothing more than `judge-made' law, flying in the face of earlier decisions. Its reasoning is unsound and not binding. Defendant's reliance on the Panell opinion is misguided; the decision is not controlling. Of the nine justices on the court only two concurred with the result reached by Justice See. Six of the justices refused to concur. Justices Cook, Lyons, and Johnstone filed separate opinions in which they concurred with the result but dissented with the rationale. It is highly unlikely that the six justices would ever agree with the rationale of Justice See. In light of stare decisis, Panell cannot stand."
(Footnote omitted.)
Following the rule of the plurality in Ex parte Panell would lead to the absurd result that Stevenson should have commenced her malpractice action against the lawyers while her appeal was pending and while those lawyers were representing her on that appeal. Indeed, under Ex partePanell, a prudent attorney, upon becoming aware that an opposing party in an appellate proceeding has raised an issue, which, if resolved adversely to the prudent attorney's client, might give rise to a legal-malpractice claim against that attorney, would be obliged to advise the client to seek independent representation. Failure to do so might give rise to a separate act of malpractice.
Stevenson's action was commenced within two years of the release of this Court's decision in Stevenson v. Precision Standard, Inc.,762 So.2d 820 (Ala. 1999). I would affirm the trial court's judgment on the ground that the cause of action did not accrue until Stevenson suffered her adverse ruling from this Court in Precision Standard.