Hoover, Inc., appeals from a summary judgment entered in favor of the State Department of Revenue ("the Department"). We reverse and remand.
Hoover is a Tennessee corporation that sells crushed stones and other products in the southeastern United States. Hoover operates three sales offices in Alabama, and one of its quarries is located in Colbert County. During the years 1996 through 1999, Hoover sold crushed stone from the Colbert County facility to certain Mississippi governmental entities. It did not collect Alabama sales tax on those sales. On October 11, 2000, the Department entered a final assessment against Hoover, assessing $159,520.27 in additional sales tax due for the period July 1996 through June 1999.
Hoover filed a complaint against the Department in the Colbert Circuit Court, appealing the final assessment. Hoover's complaint alleges that the practice of exempting instrumentalities and municipalities of the State from the payment of the sales tax, while imposing a sales tax on sales to governmental entities in Mississippi, violates the Commerce Clause of the United States Constitution (Art. 1, § 8, cl. 3). Hoover relies on § 40-23-4(a)(17), Ala. Code 1975, exempting from the sales tax the "gross proceeds of sales of tangible personal property . . . which the state is prohibited from taxing under the Constitution or laws of the United States or under the Constitution of [Alabama]."
The Department moved for a summary judgment, arguing that §40-23-4(a)(11), Ala. Code 1975, does not apply to Hoover's sales to Mississippi governmental entities. It argued that § 40-23-4(a)(11) exempts from sales tax the gross proceeds of sales of tangible personal property to the State of Alabama, to counties within the State, and to incorporated municipalities within the State. Neither party submitted any evidentiary materials in support of or in opposition to the Department's summary-judgment motion. The trial court entered a summary judgment in favor of the Department.
Hoover's complaint alleged that the Department treated ostensibly similarly situated transactions disparately. The Department relies uponState v. Leary Owens Equipment Co., 54 Ala. App. 49, 304 So.2d 604
(Ala.Civ.App. 1974), which held that the imposition of the gross-receipts tax on sales of repair parts to county governments of a neighboring state was valid, where the transactions were conducted entirely within Alabama, despite the contention that the out-of-state counties *Page 34 
were exempt from Alabama tax. Hoover argues that several significant decisions of the United States Supreme Court decided after Leary Owens compel the conclusion that Leary Owens is no longer an accurate statement of the law.
Hoover contends that genuine issues of material fact relating to the Department's justification for any discriminatory treatment in the collection of sales taxes preclude the entry of a summary judgment for the Department. In the alternative, Hoover contends that if no genuine issue as to any material fact exists, the trial court erred as a matter of law in failing to strike down as unconstitutional the Department's practice of collecting sales taxes from Mississippi governmental entities while exempting from taxation sales to Alabama governmental entities. Hoover faults the Department for failing to offer any proof indicating that its taxation of out-of-state governmental entities is in any way compensatory for taxes local Alabama governments do not pay. In its brief, the Department completely ignores the United States Supreme Court decisions relied upon by Hoover, standing instead on Leary Owens
and the presumption of correctness attached to a final assessment recognized in Hamm v. Harrigan, 278 Ala. 372, 178 So.2d 529, opinionextended, 278 Ala. 521, 179 So.2d 154 (1965), and S.H.J. v. StateDepartment of Revenue, 682 So.2d 1354 (Ala.Civ.App. 1995). The Department also relies on State v. Bankhead Mining Co., 279 Ala. 566, 188 So.2d 527
(1966), and Brundidge Milling Co. v. State, 45 Ala. App. 208, 228 So.2d 475
(Ala.Civ.App. 1969), both of which place the burden on the taxpayer to establish its entitlement to an exemption.
 I. Standard of Review
This Court's standard of review of a summary judgment is well established:
 "`The principles of law applicable to a motion for summary judgment are well settled. To grant such a motion, the trial court must determine that the evidence does not create a genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present "substantial evidence" creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989); § 12-21-12(d)[,] Ala. Code 1975. Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
 "`In our review of a summary judgment, we apply the same standard as the trial court. Ex parte Lumpkin, 702 So.2d 462, 465 (Ala. 1997). Our review is subject to the caveat that we must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990).'"
Payton v. Monsanto, 801 So.2d 829, 832-33 (Ala. 2001) (quoting Exparte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala. 1999)).
 II. Burden of Proof
In State v. Alabama Municipal Insurance Corp., 730 So.2d 107, 112
(Ala. 1998), this Court held:
 "Taxpayers arguing that a state taxation statute violates the Equal Protection Clause of the Federal Constitution carry a heavy burden. For example, the *Page 35 
Supreme Court has stated that `[p]arties challenging legislation under the Equal Protection Clause cannot prevail so long as "it is evident from all the considerations presented to [the legislature], and those of which [the court] may take judicial notice, that the question [whether the rational relationship test was met] is at least debatable."' [Western Southern Life Ins Co. v. State Bd. of Equalization of California, 451 U.S. 648,] 674, 101 S.Ct. 2070
[(1981)], quoting United States v. Carolene Products Co., 304 U.S. 144, 154, 58 S.Ct. 778, 82 L.Ed. 1234
(1938)."
In a dissenting opinion in Concordia Fire Insurance Co. v. Illinois,292 U.S. 535 (1934), Justice Cardozo expressed a similar view:
 "The burden is on the appellant who would strike the statute down, and not on the state which invokes the presumption of validity. Weaver v. Palmer Bros. Co., 270 U.S. 402, 410, 46 S.Ct. 320, 70 L.Ed. 654
[(1926)]; Detroit Bridge Co. v. Tax Board of Michigan, 287 U.S. 295, 297, 53 S.Ct. 137, 77 L.Ed. 314 [(1932)]. `As underlying questions of fact may condition the constitutionality of legislation of this character, the presumption of constitutionality must prevail in the absence of some factual foundation of record for overthrowing the statute.' O'Gorman Young, Inc. v. Hartford Fire Insurance Co., 282 U.S. 251, 257, 51 S.Ct. 130, 132, 75 L.Ed. 324, 72 A.L.R. 1163 [(1931)]; Lawrence v. State Tax Commission of Mississippi, 286 U.S. 276, 283, 52 S.Ct. 556, 76 L.Ed. 1102, 87 A.L.R. 374 [(1932)]; Williams v. Mayor and City Council of Baltimore, 289 U.S. 36, 42, 53 S.Ct. 431, 77 L.Ed. 1015 [(1933)]. Here the foundation fails, and with it the assault."
292 U.S. at 558 (emphasis added).
From the foregoing, it might appear that the taxpayer has the burden of proof. However, we are dealing here with an alleged violation of the Commerce Clause. In Fulton Corp. v. Faulkner, 516 U.S. 325 (1996), the Supreme Court held that "[s]tate laws discriminating against interstate commerce on their face are `virtually per se invalid.'" 516 U.S. at 331
(quoting Oregon v. Waste Systems, Inc. v. Department of Envtl. Quality ofOregon, 511 U.S. 93, 99 (1994)). The Court also observed:
 "As we have said, a State that invokes the compensatory tax defense must identify the intrastate tax for which it seeks to compensate, and it should go without saying that this intrastate tax must serve some purpose for which the State may otherwise impose a burden on interstate commerce."
516 U.S. at 334 (citation omitted).
The Department's reliance on the presumption of correctness of a final assessment recognized in Hamm v. Harrigan, supra, and S.H.J. v. StateDepartment of Revenue, supra, is misplaced, because these cases were not dealing with a taxing statute that is discriminatory on its face. Likewise, State v. Bankhead Mining Co., supra, and Brundidge Milling Co.v. State, supra, do not deal with exemptions allegedly arising from taxing statutes that on their face discriminate against interstate commerce. Consequently, we conclude that the Department had the burden of establishing a defense to a facially discriminatory tax scheme.
In Ex parte General Motors Corp., 769 So.2d 903, 909 (Ala. 1999), dealing with the burden of proof on a motion for summary judgment, this Court adopted Justice *Page 36 
Houston's special concurrence in Berner v. Caldwell, 543 So.2d 686, 691
(Ala. 1989): "`The manner in which the movant's burden of production is met depends upon which party has the burden of proof . . . at trial.'" Because at trial the Department has the burden of proof to justify a law that on its face discriminates against interstate commerce, the trial court erred in entering a summary judgment in favor of the Department on a record where the Department offered no evidentiary justification for the discriminatory impact.
 III. The Appropriate Mandate
The remaining issue is whether to reverse the judgment and render a judgment in its place or to reverse the judgment and remand the case. A summary judgment can be entered in favor of the nonmoving party. Greenv. Dixon, 727 So.2d 781, 783 (Ala. 1998). An appellate court has the authority to do so under § 12-22-70, Ala. Code 1975 ("The appellate court may, upon the reversal of any judgment or decree, remand the same for further proceedings or enter such judgment or decree as the court below should have entered or rendered, when the record enables it to do so."). Whether this Court should render a judgment on appeal is limited to instances where "the record . . . demonstrate[s] that all facts on the issue in question are before the appellate court, and those facts must establish that the party is entitled to a judgment as a matter of law."Eubanks v. Hale, 752 So.2d 1113, 1134 (Ala. 1999).
Such a conclusion as to the sufficiency of the facts cannot be made from this record. We accept Hoover's primary contention that a summary judgment is precluded by the trial court's incorrect determination that there were no genuine issues of material fact relating to the Department's justification for any discriminatory treatment in assessing sales taxes. We reverse the judgment and remand the case for further proceedings.
REVERSED AND REMANDED.
Moore, C.J., and Houston, See, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.