993 So.2d 898 (2008)
Ex parte STATE OF ALABAMA DEPARTMENT OF REVENUE.
(In re State of Alabama Department of Revenue
v.
Hoover, Inc.).
1061766.
Supreme Court of Alabama.
March 21, 2008.
*899 Troy King, atty. gen., and Margaret Johnson McNeill, asst. atty. gen., and asst. counsel, Department of Revenue, for petitioner.
Bruce P. Ely and Philip J. Carroll III of Bradley Arant Rose & White, LLP, Birmingham; and Blake A. Madison and Justin G. Williams of Tanner & Guin, LLC, Tuscaloosa, for respondent.
STUART, Justice.
The State of Alabama Department of Revenue ("the Department") petitioned this Court for a writ of certiorari to review the decision of the Court of Civil Appeals in State Department of Revenue v. Hoover, Inc., 993 So.2d 889 (Ala.Civ.App.2007). Specifically, the Department asked this Court to overrule Hoover, Inc. v. State Department of Revenue, 833 So.2d 32 (Ala. 2002), and Ex parte Hoover, Inc., 956 So.2d 1149 (Ala.2006) (hereinafter collectively referred to as "Hoover I"). We granted the writ on this ground. However, after reviewing the briefs of the parties, we determine that we cannot reach the issue necessary to overrule Hoover I.
Hoover I involved the same fundamental issue that is the subject of the present case; the only differences are the tax years involved and the amounts of sales taxes assessed by the Department. In the present case, the Court of Civil Appeals held that the doctrine of collateral estoppel barred the relitigation of any issue in a tax case when the controlling facts and applicable legal principles are the same as in the prior litigation. The Department did not challenge this holding in its petition. Instead, the Department asked this Court to overrule Hoover I. We conclude, based on our review of this case after issuing the writ, that before this Court can entertain the Department's request to overrule Hoover I, a determination must be made as to whether collateral estoppel bars relitigationthe basis of the decision of the Court of Civil Appeals. The Department did not challenge in its petition the Court of Civil Appeals' application of collateral estoppel in this case; therefore, we did not grant certiorari review on that ground, and we *900 cannot review it. See Rule 39, Ala. R.App. P.; Ex parte Franklin, 502 So.2d 828, 828 (Ala.1987) (recognizing that it is well established that this Court can address only those issues that are pleaded in the petition as grounds for certiorari review). Because the Department did not challenge collateral estoppel in its petition and because this ground must be addressed before we can reach the merits of the ground upon which we granted the petition, i.e., whether Hoover I should be overruled, we must quash the writ.
WRIT QUASHED.
COBB, C.J., and LYONS, WOODALL, SMITH, and BOLIN, JJ., concur.
SEE, J., concurs specially.
PARKER and MURDOCK, JJ., concur in the result.
SEE, Justice (concurring specially).
For the reasons stated in the main opinion, I concur to quash the writ of certiorari previously granted. I do not read the main opinion as holding that this Court is without the power to overrule Hoover, Inc. v. State Department of Revenue, 833 So.2d 32 (Ala.2002), and Ex parte Hoover, Inc., 956 So.2d 1149 (Ala.2006) (collectively referred to as "Hoover I"), without first determining whether the case is barred by collateral estoppel; rather, it holds that it is our policy to restrict review to the issues upon which we granted the petition for the writ of certiorari. Therefore, I concur in the main opinion, but I also agree with the reasoning expressed by Justice Murdock in his special writing that, although we are not required to do so, we should quash the writ in this case.
This Court has the authority to issue "such ... remedial and original writs as are necessary to give to it a general superintendence and control of courts of inferior jurisdiction." § 12-2-7(3), Ala.Code 1975. This Court has stated that "[o]ur supervisory authority, while broad, is certainly not unlimited; its use is governed by the particular circumstances of a case in accordance with our `clear duty to exercise that power whenever it is made to appear that an inferior court is guilty of usurpation or abuse of jurisdiction.' [Ex parte] Burch, 236 Ala. [662,] 666, 184 So. [694,] 698 [(1938)]." Ex parte James, 836 So.2d 813, 836 (Ala.2002).[1] When necessary for reasons of constitutional review and issues of great public importance, this Court has exercised its supervisory authority by issuing the writ of certiorari ex mero motu.[2] *901 However, as with all instances in which this Court issues the writ of certiorari, our exercise of that authority is a matter of judicial discretion and is reserved for special and important cases. See Rule 39(a), Ala. R.App. P. ("Certiorari review is not a matter of right, but of judicial discretion. A petition for a writ of certiorari will be granted only when there are special and important reasons for the issuance of the writ.").
The Department chose not to seek review of the Court of Civil Appeals' decision regarding the collateral estoppel issue. It is intrinsic in the nature of the judicial function that we do not range about for matters we wish to review; instead, we generally review only those matters the litigants choose to bring to us. In the case now before us, the Department has asked us to overrule Hoover I. The Department has not asked us to review the collateral estoppel issue upon which the Court of Civil Appeals rendered its decision. Even if we were to overrule Hoover I, therefore, our decision on that issue would not alter the result in this case. Our decision would be hypothetical, a futile act, merely advisory.[3] "`"[I]t is not within the province of this court to decide abstract or hypothetical questions, which are disconnected from the gravity of actual relief, or from the determination of which no practical result can follow."'" Breaux v. Bailey, 789 So.2d 204, 207 (Ala.2000) (quoting Spence v. Baldwin County Sav. & Loan Ass'n, 533 So.2d 192, 193 (Ala.1988) (Maddox, J., concurring specially), quoting in turn Caldwell v. Loveless, 17 Ala.App. 381, 382, 85 So. 307, 307 (1920)).
For these reasons, I concur with the main opinion's rationale in quashing of the writ.
MURDOCK, Justice (concurring in the result).
I do not agree with the reasoning of the main opinion that we would have to make a determination that the doctrine of collateral estoppel does not bar the Department's action before we could proceed to consider the Department's request that we overrule this Court's decision in Ex parte Hoover, Inc., 956 So.2d 1149 (Ala.2006). Indeed, the converse would appear to be true, i.e., that we would have to consider and overrule Ex parte Hoover before we could make a decision favoring the Department on the issue of collateral estoppel. See, e.g., Commissioner v. Sunnen, 333 U.S. 591, 600, 68 S.Ct. 715, 92 L.Ed. 898 (1948) (explaining the manner in which the doctrine of collateral estoppel applies in tax cases that, though they involve different tax years, involve "controlling facts and applicable legal rules [that] remain unchanged" (emphasis added)), quoted with approval in State v. Delaney's, Inc., 668 So.2d 768, 772 (Ala.Civ.App.1995).
I concur in the result, however, because collateral estoppel was one of two grounds upon which the Court of Civil Appeals upheld the trial court's judgment in the present case (the other being that court's holding that Ex parte Hoover itself directly *902 required that result, see State Dep't of Revenue v. Hoover, Inc., 993 So.2d 889, 890-98 (Ala.Civ.App.2007)), and yet the Department's petition does not ask us to address that ground.[4] Thus, even if we were to agree with the Department that Ex parte Hoover should be overruled in light of the United States Supreme Court's holding in United Haulers Ass'n v. Oneida-Herkimer Solid Waste Management Authority, 550 U.S. 330, 127 S.Ct. 1786, 167 L.Ed.2d 655 (2007), our doing so would not be enough to yield the Department any relief in this proceeding. Accordingly, while I do not agree that we must quash the writ, I concur in the result of actually doing so.
NOTES
[1] In James, the Court quoted the decision of the Supreme Court of the United States in Panama R. Co. v. Napier Shipping Co., 166 U.S. 280, 284, 17 S.Ct. 572, 41 L.Ed. 1004 (1897), in which that Court stated that "`while the Court of Appeals may have been limited on the second appeal to questions arising upon the amount of damages, no such limitation applies to this court, when, in the exercise of its supervisory jurisdiction, it issues a writ of certiorari to bring up the whole record. Upon such writ the entire case is before us for examination.'" 836 So.2d at 835-36 (emphasis omitted).
[2] See Ex parte Apicella, 809 So.2d 865, 868 (Ala.2001) ("This Court granted certiorari review to consider three issues. The first two of these issues were raised by [the appellant].... This Court raised the third issue ex mero motu: Whether the statutory provision allowing a trial judge to override a jury's recommendation in a capital case violates Art. I, § 11, of the Alabama Constitution of 1901...."); Ex parte State Alcoholic Beverage Control Bd., 654 So.2d 1149, 1151 (Ala. 1994) ("`However, because of the public policy considerations involved in using minors as decoys in enforcing the laws regulating the sale and purchase of intoxicating liquors in this State, this Court on April 4, 1992, issued the writ ex mero motu in order to review the judgment of the Court of Civil Appeals and to set some general guidelines as to when and under what circumstances minors may be used in undercover operations.'" (quoting Bartlett v. Alabama Alcoholic Beverage Control Bd., 654 So.2d 1139, 1141 (Ala.1993))).
[3] This Court has held:

"The courts of Alabama are not authorized to render advisory opinions, except in very limited circumstances. See, e.g., Carrell v. Masonite Corp., 775 So.2d 121, 125 (Ala. 2000) ('Alabama's Declaratory Judgment Act bars trial courts from issuing advisory opinions'); Ala.Code 1975, § 12-2-10 (authorizing the Supreme Court to issue advisory opinions on `important constitutional questions' at the request of the Governor or the Legislature)."
Baker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 821 So.2d 158, 164 (Ala.2001) (emphasis omitted).
[4] Although the Department does address the issue of collateral estoppel in its brief, its discussion focuses on the fact that the tax years at issue in the present case are different from the tax years that were at issue in Ex parte Hoover. As alluded to in the parenthetical explanation of Commissioner v. Sunnen, 333 U.S. at 600, 68 S.Ct. 715, in the text, that is not enough in the context of a tax dispute such as this. The Department's brief thus provides no argument or authority that would overcome the bar of collateral estoppel.