MOORE, Judge,
concurring in the rationale in part and concurring in the result.
I concur with the main opinion that the Madison Juvenile Court (“the juvenile court”) lacked jurisdiction to adjudicate *963 the petition of D.C.S. (“the father”) to modify his child-support obligation under the juvenile court’s April 18, 2007, judgment. I also concur that, pursuant to Ala.Code 1975, § 12-15-110, the juvenile court retained jurisdiction to adjudicate the petition of the father to hold the mother in contempt for violating the visitation provisions of the juvenile court’s April 13, 2007, judgment. I also concur that the juvenile court did not err in failing to find the mother in contempt, but not for the reasons stated in the main opinion. I finally concur that the juvenile court did not err in failing to award attorney’s fees to the father.
I do not join any aspect of the main opinion’s discussion regarding the jurisdiction of the juvenile court to enforce its prior child-support judgment under Ala. Code 1975, § 12-15-117, or otherwise. I note that, in his brief to this court, the father raises as an issue that the juvenile court had erred in assessing a child-support arrearage against him, but he argues that point only in relation to his contention that the juvenile court had erred in failing to modify his child-support obligation and in failing to make that modification retroactive to the date of the filing of his petition. On appeal, the father does not make any argument that the juvenile court erred in calculating the arrearage or in otherwise enforcing the child-support provisions of the juvenile court’s April 13, 2007, judgment. Thus, this court has no reason to address that aspect of the judgment, even ex mero motu, and any comments on the jurisdiction of the juvenile court to enforce its prior child-support judgment would necessarily be dicta.
At oral argument, counsel for amicus curiae, the Alabama Department of Human Resources (“DHR”), specifically acknowledged that any statements as to the authority of a juvenile court to adjudicate a petition to enforce a prior child-support judgment would be dicta, particularly in regard to enforcement actions brought by DHR under Ala.Code 1975, §§ 38-10-7 and 38-10-10. Nevertheless, counsel for DHR requested that this court clarify that our holding does not alter the jurisdiction of the juvenile court to adjudicate actions brought pursuant to those statutes. However, this court cannot grant that request.
“The courts of Alabama are not authorized to render advisory opinions, except in very limited circumstances. See, e.g., Carrell v. Masonite Corp., 775 So.2d 121, 125 (Ala.2000) (‘Alabama’s Declaratory Judgment Act bars trial courts from issuing advisory opinions’); Ala. Code 1975, § 12-2-10 (authorizing the Supreme Court to issue advisory opinions on ‘important constitutional questions’ at the request of the Governor or the Legislature).”
Leon C. Baker, P.C. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 821 So.2d 158, 164 (Ala.2001). Because this appeal does not concern the authority of a juvenile court to enforce its child-support judgment, much less its authority to enforce a child-support judgment under §§ 38-10-7 and 38-10-10, this court cannot express any opinion on the issue raised by DHR.