CRAWLEY, Judge.
Marion Edward McHugh, Sr., died testate in July 1997. He had four children, Faye McHugh Dally, Marion Edward McHugh, Jr., John Joseph McHugh, and William Eugene McHugh, who were the beneficiaries of his estate. One of the assets of the estate was the McHugh Mercantile Company (the “store”), a general store selling dry goods and agricultural supplies located in Orrville, which the father and his son Eugene operated. On August 8, 1997, Faye, Marion, Jr., and John (the “siblings”) entered into an agreement with Eugene (the “brother”) regarding the operation of the store. That agreement provided:
“It is agreed between the undersigned, as the devisees and legatees under the Last Will and Testament of Marion Edward McHugh, Sr., Deceased, as follows:
“1. William Eugene McHugh shall continue running the store known as McHugh Mercantile Company, Orr-ville, Alabama as he has done in the past.
“2. The remaining devisees and legatees shall be entitled to no profits generated by William Eugene McHugh from said store operations, ■ nor shall they be responsible for any losses which may be sustained by the said William Eugene McHugh, he being solely responsible for all losses.
“3. William Eugene McHugh shall keep complete and accurate records of all receipts and disbursements.
4. This agreement shall be effective until December 31, 1997.”
In April 1998, the siblings sued their brother, alleging that the brother had breached the August 1997 agreement. They alleged that the agreement required the brother to furnish an accounting of the operation of the store. They requested that the trial court order the brother to provide an accounting, that the business be appraised and then sold, and that the proceeds be divided among them. The siblings also alleged that the brother had sold certain cattle, property of the estate, and had deposited the proceeds of the sale into his personal account. They requested that the trial court order the brother to place the proceeds in a joint account in the *979 names of all the siblings as well. Marion, Jr., alleged that his brother owed him rent on a pasture used by the store, and he requested payment of the rent.
The brother answered, alleging that he had furnished his siblings the accounting required by the August 1997 agreement and that he is holding the proceeds from the sale of the cattle in trust for the siblings. The brother counterclaimed, requesting the trial court not to order the sale of the store, but instead to order him to pay each sibling his or her respective share of the business as determined by the father’s will. The brother claimed that each sibling had a 4.17% share of the store and that he had an 87.49% share. He also alleged that Marion, Jr., had converted several thousand dollars’ worth of hay from the store’s property and denied owing any rent to Marion, Jr.
The brother eventually filed a summary-judgment motion, which the trial court granted. The siblings appealed to the supreme court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6).
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of the substantial-evidence rule. The siblings argue that the trial court erred by concluding as a matter of law that property other than the store building and inventory was partnership property when they contend that they presented substantial evidence that this other property was not partnership property. The siblings further argue that the trial court misconstrued the father’s will in accepting the brother’s argument that the brother had an 87.49% share of the partnership property. The siblings dispute the adequacy of the brother’s accounting. Marion, Jr., argues that issues of fact exist as to whether he converted hay from the store. The siblings do not appeal the judgment as it relates to the sale of the cattle, and Marion, Jr., does not appeal the judgment as it relates to the rent he claimed his brother owed him.

I. Appropriateness of the summary judgment regarding what property. is included in the partnership of the father and the brother

In his summary-judgment motion, the brother stated that the partnership owned:
“a. a commercial store [McHugh Mercantile Company] including inventory, cash accounts, cash and fixtures;
“b. cattle;
“c. five (5) acres of land and home known as the ‘George Rayford Place;’
“d. the land and improvements (store) where the commercial store is located;
“e. two hundred eleven (211) acres and two houses known as the ‘Levi McHugh Place;’
“f. one hundred eighty-three and 9/4o (183.9) acres known as the ‘Levi McHugh Place;’
“g. seventy (70) acres of land and house known as the ‘Lindsay Place;’ and
“h. three (3) acres and house known as the ‘Charlie Walker Place.’ ”
The brother presented evidence indicating that each of the pieces of property referred to above was purchased with partnership funds and was titled in the pames of the father and the brother. The siblings argue that the only items listed above that are partnership property are those items listed in (a) and (d).
Ala.Code 1975, § 10-8-70(b), states:[1]
*980 “Property is presumed to be partnership property if it is purchased with partnership funds even though the title or other interest is acquired in the name of an individual partner or partners.”
Our supreme court has interpreted this statute as follows:
“While it is true that the law presumes that property purchased with partnership funds is partnership property, the mere use of partnership funds does not necessarily make the property the property of the partnership; the question becomes one of intention — whether the particular circumstances of the case indicate that the property acquired with partnership funds was intended to be partnership property.”
Norman v. Bozeman, 605 So.2d 1210, 1213 (Ala. 1992).
In his will, the father devised item (e), the “George Rayford Place” to his son, John. Besides items (a) and (d), the store and the property upon which it is located, the father’s will does not specifically mention any of the above-listed property. The siblings did not present any evidence creating a factual issue as to whether items (b), (e), (f), (g), and (h) were partnership property. Therefore, the summary-judgment properly held that those items were partnership property. However, the father’s devise of item (c), the “George Ray-ford Place,” to the sibling John, creates a factual issue as to whether that property was partnership property. The summary judgment improperly held that that parcel was partnership property, and the trial court is instructed on remand to determine whether the “George Rayford Place” is partnership property.

II.Appropriateness of the summary judgment regarding the share the brother and each sibling receive from the partnership property

The trial court’s summary judgment for the brother effectuated a division of the partnership property which gave the brother an 87.49% share of the partnership property and gave each sibling a 4.17% share of the partnership property. The father’s will states:
“I also give, devise, and bequeath to my said beloved son, William Eugene McHugh, an undivided one-half interest in the business and inventory, known as McHugh Mercantile Company, Orrville, Alabama.”
The partnership agreement provided that the father had a % interest in the partnership and that the brother had a $ interest. The father’s will devises the brother one-half of the father’s interest in the partnership. Therefore, the proper distribution of the partnership property is for the brother to receive % of the father’s % interest, or )é of the partnership. The brother should have a % interest (1/3 interest devised by the father plus his own $ interest), and the siblings should share equally in a ]é interest (each of the 3 siblings would have a % interest). Therefore, the summary judgment for the brother is reversed, with instructions to calculate the brother’s interest and each sibling’s interest in the partnership, as stated above.

III.Appropriateness of the summary judgment as to the accounting and as to Manon, Jr.’s conversion of hay owned by the partnership

The siblings presented no evidence creating a genuine issue of material fact as to these issues. Therefore, as to those issues the trial court properly entered the summary judgment for the brother.

IV.Conclusion

The trial court’s summary judgment is reversed insofar as it held that the “George Rayford Place” is partnership property and insofar as it divided the partnership property. The summary judgment is affirmed in all other respects.
*981 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.

. Section 10-8-70(b) applies to this case because the partnership between the father and *980 the brother was created before January 1, 1996. Ala.Code 1975, § 10-8A-1105. Section 10-8-70(b) will be repealed effective January 1, 2001.