HARWOOD, Justice
(dissenting).
I respectfully dissent. Ala.Code 1975, § 11-43-160, states in full:
“Any person appointed to office in any city or town may, for cause, after a hearing, be removed by the officer making the appointment.
“The city council may remove, by a two-thirds vote of all those elected to the council, any such person in the several departments for incompetency, malfeasance, misfeasance or nonfeasance in office and for conduct detrimental to good order or discipline, including habitual neglect of duty.”
(Emphasis supplied.)
The second paragraph of Ala.Code 1975, § 11^3-2, provides:
“In all cities and towns having a population of less than 12,000 inhabitants according to the last or any subsequent 'federal census, the legislative functions shall be exercised by the mayor and five aldermen. The mayor shall preside over all deliberations of the council. At his discretion he may vote as a member of the council on any question coming to a vote, except in case of a tie, in which event he must vote.”
(Emphasis supplied.)
Ala.Code 1975, § 11-40-6, provides in its first paragraph:
“Municipal corporations now existing or hereafter organized under this title containing 2,000 or more inhabitants shall be called cities. All incorporated municipalities containing less than 2,000 inhabitants shall be called towns. The last census, whether federal or taken as authorized in this title, shall be used in determining the population of a city or town.”
The population of the Town of Priceville, according to the last federal census, conducted in the year 2000, was only 1,631. Therefore, although Priceville qualifies as a “town” (as apparently recognized by its name, “Town of Priceville”), it does not qualify as a city. Ala.Code 1975, § 11-40-1 (included in the Alabama Code of 1907) provides, in pertinent part:
“All municipal organizations now existing in the state of Alabama ... and all towns and cities that may hereafter *71 be incorporated under the provisions of this title shall be bodies politic and corporate ... having perpetual succession under the name now used or hereafter assumed as provided in this title, and each under such name as the ‘City of .’ or ‘Town of.,’ as the case may be...
(Emphasis supplied.) The “title” referred to in § 11-40-1 is Title 11 of the Code (“Counties and Municipal Corporations”), and all of the Code sections cited in this dissent are included in that title.
The previously quoted second paragraph of § 11-43-2 specifically refers to “all cities and towns” having a population of less than 12,000. Thus § 11-48-2 is applicable to the Town of Priceville, requiring that the legislative functions of the town be exercised “by the mayor and five aider-men” and that the mayor “may vote as a member of the council on any question coming to a vote” and must vote “in ease of a tie.” (Emphasis supplied.)
Section 11-43-160 specifies in its first sentence that any appointee to a municipal office “in any city or town” may be removed, for cause, by the officer who made the appointment. The second sentence, being also a new paragraph, pertains to the removal of municipal appointees for any of several named categories of cause. In stating who may exercise that removal power, it restricts the power to the “city council,” choosing not to use a term such as “city or town council.” Thus, I conclude that the second paragraph of § 11 — 43-160 has no application to removal by a town of an appointee to a town office. It deals only with a removal by the city council. Therefore, by process of elimination, the only statutory provision applicable to the situation here, with the exception of the first paragraph of § 11-43-160 (at least insofar as the parties have directed our attention to any applicable Code sections) is the second paragraph of § 11 — 13-2. Under it, the mayor may vote “as a member of the council on any question coming to a vote” and must vote in the case of a tie. That broad provision clearly authorizes the mayor of the Town of Priceville to vote, as he did in this case, and for his vote to be counted “as a member of the council.”
Even assuming, for the sake of argument, that the reference in the second paragraph of § 11-43-160 to “[t]he city council” should be read expansively so as to embrace a “town council,” that provision requires “a two-thirds vote of all those elected to the council.” (Emphasis supplied.) The second paragraph § 11-43-2 mandates that the legislative functions of any city or town having a population of less than 12,000 “shall be exercised by the mayor and five alderman”; however, if the mayor’s vote is discounted, there could never be a situation where an exact “two-thirds vote” could occur. Rather, four out of the five council persons (a four-fifths vote) would have to vote to remove in order to reach, and necessarily exceed, the requisite two-thirds vote. If the mayor’s vote was never to be counted in a vote to remove a municipal appointee, there would be no need in the second paragraph of § 11 — 43-160 to specify precisely “a two-thirds vote.” The provision in question requires “a two-thirds vote of all those elected to the council,” not a two-thirds vote of only those in attendance, assuming a quorum had been achieved, or a two-thirds vote of those voting, as opposed to abstaining. If the mayor and five council persons are entitled to vote to remove a municipal appointee and to have those votes counted, a two-thirds vote would be the vote of four persons.
If the record established who had appointed the police chief to office, and if that person was the present or a former mayor, I would conclude that the mayor’s *72 singular vote to remove the police chief was effective under the first sentence of § 11 — 43—160. The record, however, does not establish who appointed the police chief, thereby eliminating that avenue of analysis.
Although the parties do not address the difference between a city and a town under § 11-40-6 and therefore did not argue the significance of the term “city council” in the second paragraph of § 11-43-160, we nonetheless should consider and apply that pivotal distinction. As has been often stated by this Court, we will affirm a trial judge’s ruling for any reason reasonably available to the trial judge under the record, consonant with the notice requirements of due process. See Taylor v. Stevenson, 820 So.2d 810, 814 (Ala.2001) (“We will affirm a trial court if it is right for any reason supported by the record.”). Where the terms “cities and towns,” “city or town,” and “city council” are used as terms of classification, it is appropriate for us to take judicial notice of the definitions of those terms provided by the Legislature appearing elsewhere in the same title of the Code of Alabama.
For these reasons, I dissent.