Rel: December 9, 2022

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

————————————————

### CL-2022-1036

————————————————

**Ex parte Jessica Sperry**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Patrick Quinlivan**

**v.**

**Jessica Sperry)**

**(Autauga Circuit Court, DR-22-900001.01)**

FRIDY, Judge.

Jessica Sperry ("the mother") has filed a petition for a writ of mandamus asking this court to direct the Autauga Circuit Court ("the trial court") to dismiss the action that Patrick Quinlivan ("the father")

commenced in which he sought to modify a judgment regarding child custody and child support entered by a court in Arizona.[1] Sperry asserts that the trial court does not have personal jurisdiction over her. For the reasons set forth herein, we grant the petition and issue the writ.

Background

The father commenced his modification action on May 31, 2022. In his complaint, he stated that he and the mother resided in Arizona when they were divorced in 2017, that he presently resides in Autauga County, and that the mother presently resides in North Dakota. The father asserted that the trial court had personal jurisdiction over the mother because, he alleged, she had been arrested in Montgomery on May 10, 2022. The mother was served with process in North Dakota on May 31, 2022.

On June 28, 2022, the mother filed a special appearance for the limited purpose of filing a motion to dismiss the modification action on the ground that the trial court lacked personal jurisdiction over her. After a hearing, the trial court entered an order on August 22, 2022, denying

---

[1]When the father commenced the modification action, he also requested that the Arizona judgment be registered in the trial court.

the motion to dismiss. Neither the father nor the mother contend that any evidence was taken during that hearing, and no transcript of that hearing, if, indeed, a transcript was made, was included in the materials submitted to us. On October 3, 2022, the mother timely filed the present petition for a writ of mandamus, asking this court to order the trial court to vacate its order denying her motion to dismiss the father's action and to enter an order granting the motion on the basis that the trial court lacks personal jurisdiction over her.

Analysis

A petition for a writ of mandamus is the proper device by which to challenge the denial of a motion to dismiss for lack of personal jurisdiction. Ex parte LED Corps., 303 So. 3d 1160, 1166 (Ala. 2020). To be entitled to a writ of mandamus, a petitioner must show (1) that he or she has a clear legal right to the order sought; (2) an imperative duty upon the court to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) that the jurisdiction of the court has been properly invoked. Ex parte BancorpSouth Bank, 109 So. 3d 163, 166 (Ala. 2012).

3

The mother contends that there is no basis for the conclusion that the contacts she may have had with Alabama were sufficient to subject her to the jurisdiction of an Alabama court. "An appellate court considers de novo a trial court's judgment on a party's motion to dismiss for lack of personal jurisdiction." Elliott v. Van Kleef, 830 So. 2d 726, 729 (Ala. 2002)). "'The plaintiff bears the burden of proving the court's personal jurisdiction over the defendant.'" Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So. 2d 519, 525 (Ala. 2003) (quoting Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)). In considering whether an action is to be dismissed for lack of personal jurisdiction, a trial court "must consider as true the allegations of the plaintiff's complaint not controverted by the defendant's affidavits." Ex parte McInnis, 820 So. 2d 795, 798 (Ala. 2001).

In opposing the mother's petition for a writ of mandamus, the father contends that, because the parties' children have been Alabama residents for more than a year and because the Arizona court has relinquished jurisdiction, under § 30-3B-201, Ala. Code 1975, a part of the Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA"), § 30-3B-101 et seq., Ala. Code 1975, the trial court has jurisdiction to modify

4

custody. However, Alabama's version of the UCCJEA provides that, except when temporary emergency jurisdiction is involved (which is not the case here), an Alabama court may not modify a child-custody determination made by a court of another state unless the Alabama court has both subject-matter jurisdiction pursuant to § 30-3B-201 and personal jurisdiction over the affected parties. Ex parte Vega-Lopez, 297 So. 3d 1273, 1277 (Ala. Civ. App. 2019).

The mother argues that the trial court did not have personal jurisdiction over her under Alabama's traditional "long-arm rule," set forth in Rule 4.2(b), Ala. R. Civ. P. Alabama's "long-arm rule" allows service of process on a person outside Alabama when that person has such contacts with Alabama that the prosecution of the action against the person here "is not inconsistent with the constitution of this state or the Constitution of the United States." Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, an Alabama court has personal jurisdiction over a nonresident defendant "only when that defendant has sufficient 'minimum contacts'" with Alabama. Elliott v. Van Kleef, 830 So. 2d at 730 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

5

Personal jurisdiction can be either general or specific. Ex parte Alamo Title Co., 128 So. 3d 700, 709-10 (Ala. 2013). General contacts are those that the defendant has with the forum state that are unrelated to the cause of action and that are both continuous and systematic. Id. at 709. The father did not assert in his complaint that the mother had continuous and systematic contacts with Alabama; therefore, there is no basis for a determination that the trial court had general personal jurisdiction over the mother.

For the trial court to exercise specific personal jurisdiction over the mother as a nonresident defendant, the mother's contacts with Alabama must be related to the plaintiff's cause of action or have given rise to it. Ex parte Alamo Title Co., 128 So. 3d at 710. Additionally, the mother's contacts with Alabama must be such that she "should reasonably anticipate being haled into court" here. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

In his complaint, the only contact that the father alleged the mother had with Alabama was her arrest in Montgomery in 2022 in connection with a criminal matter. The materials before us do not mention any other contacts the mother may have had with Alabama, nor is there any

suggestion in the materials that the criminal matter was related to the modification action or gave rise to the modification action. Because there is no reason to believe that the mother's arrest had any relation to the modification action, and because there is nothing before us to indicate that the mother reasonably should have expected to be haled into court here, the father's assertion that the trial court had specific jurisdiction over the mother relative to his request to modify custody must fail.

Regarding the father's request to modify child support, a different act, the Uniform Interstate Family Support Act ("the UIFSA"), § 30-3D-101 et seq., Ala. Code 1975, controls the determination whether the trial court had jurisdiction over the mother.[2] The bases for jurisdiction over a nonresident under the UIFSA are set forth in § 30-3D-201(a), Ala. Code 1975; however, § 30-3D-201(b) provides that those bases cannot be used to acquire personal jurisdiction to modify a child-support order from another state, unless the requirements of § 30-3D-611, Ala. Code 1975,

---

[2]Neither party specifically argues whether the trial court had personal jurisdiction over the mother under the UIFSA. However, because a trial court's judgment can be affirmed for any reason supported by the record, Taylor v. Stevenson, 820 So. 2d 810, 814 (Ala. 2001), we consider that potential basis for personal jurisdiction.

are met first. Because the judgment awarding child support that the father seeks to modify was issued in Arizona, § 30-3D-611 applies.

Section 30-3D-611(a)(1) provides that, when one of the parties to a child-support-modification action lives outside Alabama, an Alabama court may modify a child-support order issued in another state and registered in Alabama if that court finds that neither the child nor the child's parents reside in the issuing state, the party petitioning for the modification is <u>not</u> a resident of Alabama, and the respondent is subject to the personal jurisdiction of the Alabama court. The Uniform Comment to § 30-3D-611 explains that "[the] colloquial … description is that the nonresident movant for modification must 'play an away game on the other party's home field.'" The Uniform Comment also recognizes that, "[o]n rare occasion, personal jurisdiction over the respondent may be supplied by long-arm jurisdiction."

Here, the child and the child's parents no longer resided in Arizona, where the judgment sought to be modified was issued. However, because the father, as the party who petitioned the trial court for the child-support modification, is an Alabama resident, the trial court does not

have jurisdiction to modify the Arizona judgment's child-support award under § 30-3D-611(a)(1).

Alternatively, the UIFSA provides that an Alabama court can modify a child-support judgment issued in another state if the child is a resident of Alabama or if a parent of the child is subject to the personal jurisdiction of the Alabama court and "all of the parties who are individuals have filed consents in a record in the issuing tribunal for [an Alabama court] to modify the support order and assume continuing, exclusive jurisdiction." § 30-3D-611(a)(2). Here, there is nothing in the record to indicate that all the parties filed consents in the Arizona court for an Alabama court to modify the support order. Thus, we conclude that the trial court did not have jurisdiction to modify the Arizona child-support judgment under § 30-3D-611(a)(2). Accordingly, the requirements of § 30-3D-611 are not met, and the trial court did not acquire personal jurisdiction over the mother under §30-3D-201(a).

## Conclusion

For the foregoing reasons, we conclude that the trial court lacked personal jurisdiction over the mother. Therefore, we grant the mother's petition for a writ of mandamus and direct the trial court to vacate its

9

August 22, 2022, order denying the mother's motion to dismiss and to enter a judgment dismissing the father's modification action.

The mother's motion to strike certain factual assertions and arguments contained in the father's answer to the petition for a writ of mandamus is denied as moot.

PETITION GRANTED; WRIT ISSUED.

Thompson, P.J., and Moore and Hanson, JJ., concur.

Edwards, J., concurs in the result, without opinion.